## Jacobs License

*Edgar P. Herrington, Jr.,* for Commonwealth.
*Dante Bertani,* for defendant.

KEIM, J., July 8, 1964.—This case is before the court en banc on a motion in arrest of judgment, after defendant had been found guilty of violation of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §836, failure to carry danger and caution signals as required therein.

A hearing, on appeal, was held before Judge Earl S. Keim, and over the objection of the defense attorney, Patrolman Squiller was permitted to testify from an unsworn statement of an investigation made by a patrolman no longer with the Pennsylvania State Police. It appears that a patrolman was not available and will not be available in the future to testify as to his findings.

It is the contention of defendant that his constitutional rights had been violated in view of the fact that he was denied the opportunity to confront and cross-examine the prosecution witness competent to present facts concerning the alleged violation, and that the acceptance of the testimony by the patrolman using a report not of his own making was hearsay evidence and not admissible.

In spite of the facts that this procedure has been permitted in other counties, a review of the law on this subject clearly indicates that the trial judge was in error and that defendant was denied one of his constitutional rights. Defendant did not have the opportunity to cross-examine the accuser, which rights are carefully guarded by both the State and Federal Constitution. To decide otherwise, would be the equivalent that trials could be conducted on paper without the presence

of the accuser, and with a stroke of a pen, the trial judge could deny the accused the right of cross-examination, which often indicates faulty memory, limited observation, distortions, and even outright fabrications.

For these reasons, we believe the motion is in order and should be granted.

*Order*

And now, July 8, 1964, the within motion in arrest of judgment is hereby granted and judgment is arrested in the above entitled case, costs to be paid by the county, and cash bond, if any, be returned.